# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAURICE MATHIS,**

        Petitioner,

        v.                               Case No. 22-CV-552

**CHRIS BUESGEN,**

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Maurice Mathis, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A habeas petition ordinarily must be filed within one year of the petitioner's conviction becoming final. 28 U.S.C. § 2244(d)(1). Mathis states he was convicted on May 9, 1996. (ECF No. 1 at 2.) According to the online records of the Wisconsin Court of Appeals, *see* https://wscca.wicourts.gov, the court of appeals affirmed his conviction on

October 14, 1999. There is no indication that Mathis asked the Wisconsin Supreme Court to review that decision. *See State v. Mathis*, App. No. 1997AP003465–CR.

Nothing material appears to have happened in his case until November 12, 2019, when Mathis filed a motion for postconviction relief in Milwaukee County Circuit Court. *See State v. Mathis*, Case No. 1995CF955387. Proceedings on that motion concluded on June 16, 2021, when the Wisconsin Supreme Court denied Mathis's petition for review.

Although Mathis filed his present petition within one year of the Wisconsin Supreme Court's June 16, 2021 denial of review, it appears that the one-year statute of limitations had expired long before he ever filed his motion for post-conviction relief pursuant to Wis. Stat. § 974.06. Mathis's conviction became final on November 13, 1999, when the time for Mathis to seek review by the Wisconsin Supreme Court expired without him seeking review. *See* Wis. Stat. § 808.10(1); 28 U.S.C. § 2244(d)(1)(A).

Mathis contends that he was forced to represent himself during his direct appeal, and he never properly waived his right to counsel. (ECF No. 2 at 2.) He argues that the absence of counsel, along with doubts as to his competency, should excuse him from the one-year statute of limitations. (ECF No. 2 at 2.) However, Mathis must explain not simply what allegedly caused him to miss the deadline, but he must explain the entirety of his 20-year delay.

2
Case 2:22-cv-00552-WED   Filed 05/23/22   Page 2 of 4   Document 8

"A petitioner 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010)). The burden is on the petitioner to show that he is entitled to equitable tolling. *Id*. It is rare for a court to find that equitable tolling applies; "it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Id.* at 684 (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). Mental incompetence *may* support equitable tolling, but the standard is demanding. *Davis v. Humphreys*, 747 F.3d 497, 499-500 (7th Cir. 2014). And, again, Mathis must account for the entirety of the roughly 20 years of delay.

Therefore, the court will give Mathis the chance to show that he is entitled to equitable tolling. Mathis shall show cause no later than **June 21, 2022**, why his petition should not be dismissed as untimely.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

The respondent may, but is not required to, respond no later than **July 12, 2022**.

No later than **July 12, 2022**, the respondent shall complete and file the Consent/Refusal to Proceed Before a Magistrate Judge form.

Mathis also filed a motion for the appointment of counsel. (ECF No. 3.) The court may appoint counsel for a petitioner seeking relief under 28 U.S.C. § 2254 when the court determines that the person is financially eligible and "that the interests of justice so require" the appointment of counsel. 18 U.S.C. § 3006A(a)(2).

So far Mathis has demonstrated an ability to adequately present his claims and arguments to the court. At this stage the issue is simply whether Mathis is entitled to equitable tolling. Based on the court's review of the record, it appears that Mathis is able to adequately address this issue. Therefore, Mathis's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 23rd day of May, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge