UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAURICE MATHIS,

          Petitioner,

  v.                                      Case No. 22-CV-552

CHRIS BUESGEN,

          Respondent.

## DECISION AND ORDER

Maurice Mathis, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The court screened his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and noted that Mathis's petition appeared to be untimely. (ECF No. 8.) As the court previously stated:

> A habeas petition ordinarily must be filed within one year of the petitioner's conviction becoming final. 28 U.S.C. § 2244(d)(1). Mathis states he was convicted on May 9, 1996. (ECF No. 1 at 2.) According to the online records of the Wisconsin Court of Appeals, *see* https://wscca.wicourts.gov, the court of appeals affirmed his conviction on October 14, 1999. There is no indication that Mathis asked the Wisconsin Supreme Court to review that decision. *See State v. Mathis*, App. No. 1997AP003465–CR.
>
> Nothing material appears to have happened in his case until November 12, 2019, when Mathis filed a motion for postconviction relief in

Milwaukee County Circuit Court. *See State v. Mathis*, Case No. 1995CF955387. Proceedings on that motion concluded on June 16, 2021, when the Wisconsin Supreme Court denied Mathis's petition for review.

Although Mathis filed his present petition within one year of the Wisconsin Supreme Court's June 16, 2021 denial of review, it appears that the one-year statute of limitations had expired long before he ever filed his motion for post-conviction relief pursuant to Wis. Stat. § 974.06. Mathis's conviction became final on November 13, 1999, when the time for Mathis to seek review by the Wisconsin Supreme Court expired without him seeking review. *See* Wis. Stat. § 808.10(1); 28 U.S.C. § 2244(d)(1)(A).

Mathis contends that he was forced to represent himself during his direct appeal, and he never properly waived his right to counsel. (ECF No. 2 at 2.) He argues that the absence of counsel, along with doubts as to his competency, should excuse him from the one-year statute of limitations. (ECF No. 2 at 2.) However, Mathis must explain not simply what allegedly caused him to miss the deadline, but he must explain the entirety of his 20-year delay.

"A petitioner 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010)). The burden is on the petitioner to show that he is entitled to equitable tolling. *Id*. It is rare for a court to find that equitable tolling applies; "it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Id.* at 684 (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). Mental incompetence *may* support equitable tolling, but the standard is demanding. *Davis v. Humphreys*, 747 F.3d 497, 499-500 (7th Cir. 2014). And, again, Mathis must account for the entirety of the roughly 20 years of delay.

Therefore, the court will give Mathis the chance to show that he is entitled to equitable tolling. Mathis shall show cause no later than **June 21, 2022**, why his petition should not be dismissed as untimely.

(ECF No. 8 at 1-3 (emphasis in original).)

Mathis responds that "he is 'procedurally innocent' and should not be faulted for the State waiving his Constitutional right to a counsel on his direct appeal without his consent, and without a Faretta colloquy." (ECF No. 14 at 1.) He asserts that many of his problems resulted from his inability to get his case file from trial counsel for more than a year. (ECF No. 14 at 1.) He further argues that he was "hindered by his present incarceration at Stanley Correctional Institution …" and, specifically, a policy that prohibits law library staff from providing legal advice to inmates. (ECF No. 14 at 3-4.) He also asserts that his untimeliness should be excused because of newly discovered evidence regarding Detective Gilbert Hernandez. (ECF No. 14 at 9.)

With respect to Mathis's assertion that his untimeliness should be excused because of delays in obtaining his file from trial counsel, he states that he received most of his file on May 20, 1997, shortly after appellate counsel's motion to withdraw was granted. (ECF No. 14 at 3.) The only document that he contends was not provided was a crime lab report. However, Mathis has failed to demonstrate that this report is relevant. He states he has still not received the report (ECF No. 14 at 6), but he nonetheless has been able to present his claims to the state court and file the present petition. Thus, trial counsel's alleged failure to provide Mathis with his file does not support equitable tolling.

As for Mathis's allegation that his transfer to Stanley Correction Institution and its policies prevented him from pursuing relief (ECF No. 14 at 3), Mathis states he was

3

Case 2:22-cv-00552-WED   Filed 07/15/22   Page 3 of 7   Document 16

transferred to Stanley in August of 2007 (ECF No. 14 at 3). This was nearly eight years after his conviction became final. Because Mathis has not shown that this eight-year delay is subject to equitable tolling, it is unnecessary for the court to consider whether and how Mathis's transfer to Stanley might have affected his ability to timely pursue relief.

Mathis also refers to efforts he undertook in 2012 regarding professional complaints he made against his trial counsel and the prosecutor. (ECF No. 14 at 4-5.) He has not shown that these efforts were material. For example, Mathis has not shown that those complaints led to new facts or evidence that supported a claim for relief that could not have been made earlier.

The only new evidence he points to is that Detective Gilbert Hernandez, who Mathis states was a witness in his case, was one of two defendants found liable in an unrelated civil action related to a wrongful conviction. (ECF No. 14 at 10.) In support, Mathis provides a June 11, 2015, news report regarding that verdict where Hernandez is reported as having testified that the plaintiff confessed to the crime and the plaintiff testified that he had not. (ECF No. 14-1 at 20-21); *see also Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017). Mathis states that Hernandez likewise testified that Mathis confessed in this action. (ECF No. 14 at 10.)

The court need not assess whether this information could support equitable tolling because, as noted, the verdict in the unrelated civil action was reported on June

4

11, 2015. Mathis did not take any action in his case for more than four years after that when, on November 12, 2019, he filed a motion for post-conviction relief in the circuit court. Thus, under any circumstances Mathis's petition would be untimely.

Nor has Mathis demonstrated that any new information regarding Hernandez supports a finding that he is actually innocent. "In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995)). Mathis does not show how Hernandez's testimony in an unrelated case demonstrates that Mathis is innocent.

Mathis's overall argument is essentially that he was trying the best he could but did not know what to do. However, lack of familiarity with the law, without more, cannot serve as a basis to excuse his failure to exhaust his claims. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) ("This court has specifically rejected the argument that a petitioner's *pro se* status alone constitutes cause in a cause-and-prejudice analysis.") (citing *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992)).

Even if Mathis were to surmount his timeliness problem, there still would be two other procedural hurdles he would have to clear before the court could consider the

5

Case 2:22-cv-00552-WED   Filed 07/15/22   Page 5 of 7   Document 16

merits of his claims. First, he never exhausted his state court remedies with respect to the claims he raised in his direct appeal because he did not seek review by the Wisconsin Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Second, when the Wisconsin Court of Appeals denied Mathis relief regarding his motion for post-conviction relief because his claims were barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), *see State v. Mathis*, No. 2019AP2422, 2021 Wisc. App. LEXIS 579, at *5 (Ct. App. Mar. 16, 2021), it relied on adequate and independent state law grounds, *see Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013). A federal court will not consider the merits of a habeas claim when the state court denies relief on adequate and independent state law grounds. *Id*. Consequently, independent of the untimeliness of Mathis's petition, he has procedurally defaulted his claims.

Finally, because the court must dismiss Mathis's petition for a writ of habeas corpus, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Mathis a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that

6
Case 2:22-cv-00552-WED   Filed 07/15/22   Page 6 of 7   Document 16

its decision that Mathis's petition is both mixed and untimely is not fairly debatable. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Mathis's petition and this action are **dismissed**. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of July, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge